IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RAY PORCHAY,
ADC #652025                                                                                               PLAINTIFF

1:17CV00123-DPM-JTK

JEREMY ALLMAN, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Ray Porchay filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC), alleging excessive force by Defendants Allman and Foreman.

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 9-11). When Plaintiff failed to respond, this Court ordered Plaintiff on January 31, 2018, to respond within fifteen days (Doc. No. 21). The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.) The copy of the Order sent to Plaintiff as returned to the Court as undeliverable on February 6, 2018. (Doc. No. 22) As of this date, Plaintiff has not responded to the Motion.

## II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

The Court finds that Defendant's Motion should be granted, based on Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the ADC grievance

3

procedure, Administrative Directive (AD) 14-16 (Doc. No. 11-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Declaration of Terry Grigsby, grievance coordinator for the ADC, who stated that although Plaintiff filed a grievance regarding the incident in question, he failed to properly follow the grievance procedures because his appeal was rejected as untimely. (Doc. No. 11-2)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States

Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The ADC grievance procedure requires that an inmate first file an Informal Resolution, and if he/she is not satisfied with the response, then file a formal grievance directed to the Warden or his designee. (Doc. No. 11-1, pp. 5-8)  If the inmate does not agree with the Warden's decision, he/she may appeal to the Deputy Director within five working days of the Warden's response. (Id., p. 11)  In this particular case, however, Plaintiff did not timely file his appeal, according to Ms. Grigsby, and the appeal was denied. (Doc. No. 11-2)[1]  Therefore, absent a response from Plaintiff, the facts as set forth by Defendants are deemed as true, and Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 9) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 14th day of February, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] According to the grievance Plaintiff filed and attached to his Complaint, his appeal was rejected as untimely. (Doc. No. 1, p. 17)